IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Retreat at Stonecrest
Apartments and Hamilton
Point Investments,                        Case No. 1:18-cv-01356

              Plaintiffs,        Michael L. Brown
                                   United States District Judge

v.

Jonathan Jenkins,

              Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R"). (Dkt. 3). The R&R recommends that the Court remand this action to the Magistrate Court of DeKalb County, Georgia, for lack of subject matter jurisdiction. Jenkins filed purported objections to the R&R styled as a "response." (Dkt. 8).

Where a party files objections to an R&R, the district court must determine de novo any part of the Magistrate Judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). But, here, Jenkins' objections do not actually refute or object to any of the

Magistrate Judge's findings. Instead, it simply states generally that the R&R "fails to afford the petition[er] the constitutional right to redress and grievance." Dkt. 8 at 1. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). If an objection fails to identify the specific findings or a specific basis for the objection, the Court need not consider it. *See id.* Because Defendant did not identify any part of the Magistrate Judge's disposition that is objected to, the Court need not consider the supposed objections.

The Court, therefore, treats the R&R as having no objections and conducts a review of the record for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curium). After a careful and complete review of the findings and recommendations, the Court finds no error in the Magistrate Judge's conclusion that the action should be remanded to the Magistrate Court of DeKalb County, Georgia for lack of subject matter jurisdiction.

Defendant attempts to remove this dispossessory action to federal court. Defendant seems to assert federal question jurisdiction arising from the fact that he has a bankruptcy appeal pending, but the R&R

noted it did not identify any pending case that would confer removal jurisdiction, and there is no other federal law upon which Jenkins bases his claim. *See* Dkt. 2 at 2; Dkt. 3 at 9. The R&R correctly notes that the underlying case is a state dispossessory action containing no federal claim, and removal based on federal question jurisdiction under 28 U.S.C. § 1331 is improper. Dkt. 3 at 2 (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim")). Potential defenses or counterclaims, even if based on federal statutes, do not provide a basis for removal. *See id.* at 2-3; *Anderson*, 529 U.S. at 6.

Additionally, there is no diversity jurisdiction. Jenkins failed to show that he and Plaintiffs are citizens of different states, or that the amount in controversy requirement is met. *See* Dkt. 3 at 7; *see also* Dkt. 1-3; 28 U.S.C. § 1332.

Because the Court lacks subject matter jurisdiction, it must remand the action to the Magistrate Court of DeKalb County. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R. The action shall be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**IT IS SO ORDERED.**

Dated: July 2, 2018
Atlanta, Georgia

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE